IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JONATHAN P. LEIALOHA | ) | CIV. NO. 08-518 SOM/LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING MOTION TO |
| vs. | ) | DISMISS ON BEHALF OF PARTY |
| | ) | MAKING A SPECIAL APPEARANCE; |
| IAC-KAANAPALI SHORES, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO AMEND COMPLAINT |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING MOTION TO DISMISS ON BEHALF OF
PARTY MAKING A SPECIAL APPEARANCE; ORDER
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT

I.          INTRODUCTION.

        Plaintiff Jonathan P. Leialoha was employed by Aston

Hotels and Resorts, LLC, formerly known as ResortQuest Hawaii,

LLC.  Leialoha alleges he was improperly terminated on September

7, 2007, in violation of Title VII of the Civil Rights Act of

1964.  On February 2, 2008, Leialoha filed charges against his

former employer with the Equal Employment Opportunity Commission

("EEOC").  By letter dated August 8, 2008, the EEOC informed

Leialoha that he was entitled to institute a civil action within

ninety days.  On November 17, 2008, Leialoha filed suit against

IAC-Kaanapali Shores.

        Leialoha did not effect service on "IAC-Kaanapali

Shores" within the appropriate time for service, i.e, 120 days

after filing the Complaint.  However, on May 11, 2009, Magistrate

Judge Leslie Kobayashi extended Leialoha's time to effect

service.   Magistrate Judge Kobayashi ordered that Leialoha

complete service of process by June 12, 2009, and submit proof of

service by June 26, 2009.   Mins., 08-cv-00518, May 11, 2008.

Leialoha effected service on "IAC Kaanapali Shores" on June 19,

2009.   Leialoha submitted proof of service to the court on June

24, 2009.

On July 9, 2009, Aston Hotels and Resorts, LLC,

("Aston") made a special appearance in the matter and filed a

motion to dismiss the Complaint "for naming an improper party and

for failure to comply with the time limit for service of

process."   Mot. to Dismiss, 2.   Aston asserts that, because

Leialoha named a nonexistent party as Defendant, and because

Leialoha effected untimely service, the court should dismiss the

Complaint.   On September 15, 2009, Leialoha filed a "Motion to

object to the motion to dismiss by IAC-Kaanapali Shores."   The

court construes Leialoha's "Motion to object to the motion to

dismiss by IAC-Kaanapali Shores" as his memorandum in opposition

to the motion to dismiss.   In his motion, Leialoha also moves to

amend the Complaint and to name Aston Hotels & Resorts, LLC, as

Defendant.

To the extent Leialoha moves to amend his Complaint to

name Aston as the defendant, Leialoha's motion is granted.

Leialoha may amend his Complaint once as a matter of course

before being served with a responsive pleading.   As no Defendant

2

has served Leialoha with a responsive pleading, Leialoha has a right to amend his Complaint even without leave of court.  Under these circumstances, dismissal makes no sense.  To the extent Aston moves to dismiss the Complaint for lack of timely service, the motion is denied.  This court, which has discretion to extend the time for service of process, declines to dismiss for untimely service.

II.      STANDARD OF REVIEW.

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal based on insufficiency of service of process.  A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery, or the lack of delivery, of the summons and complaint.  When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4 of the Federal Rules of Civil Procedure.  See Brockmeyer v. May, 383 F.3d 298, 801 (9th Cir. 2004).

III.     ANALYSIS.

    A.    Aston's Motion to Dismiss for Failure to Properly Name
          Defendant is Denied, Given Leialoha's Right to Amend
          the Complaint.

Aston contends that the Complaint should be dismissed because Leialoha named "IAC-Kaanapali Shores" as Defendant, rather than Aston or ResortQuest, his former employer.  Mot. to Dismiss, 2.  Aston posits that "IAC-Kaanapali Shores never

3

existed."  Id.  Leialoha, in his opposition, moves to amend the
Complaint to name Aston as Defendant.

Leialoha has a right to amend the Complaint.
Rule 15(a) provides that a party may amend a pleading at any time
before being served with a responsive pleading.  Fed. R. Civ. P.
15(a)(1)(A).  Defendant has not served an answer on Leialoha or
any other type of a responsive pleading.  Aston, making a special
appearance in this case, has only filed a motion to dismiss.  A
motion to dismiss is not a responsive pleading.  Shaver v.
Operating Engineers Local 428 Pension Trust Fund, 332 F.3d 1198,
1201 (9th Cir. 2003).  Because Leialoha has not been served with
a responsive pleading, Leialoha may amend his Complaint as a
matter of right.  Leave of court is not necessary.  Leialoha may
amend the Complaint to name Aston Hotels & Resorts, LLC, as
Defendant, and may make such other amendments as may be
appropriate.  Leialoha should file his amended Complaint by
October 5, 2009.  An amendment cures the pleading defect
identified by Aston, and that cure renders dismissal unwarranted.

> B.   The Court Declines to Dismiss for Failure to
>      Comply with Rule 4(m) of the Federal Rules of
>      Civil Procedure.

It is undisputed that Leialoha effected service of
process on June 19, 2009, seven days after June 12, 2009, the
court's deadline to complete service.  Aston alleges that
Leialoha has "failed to diligently prosecute his Complaint" and

asserts that Leialoha's Complaint should therefore be dismissed.

Mot. to dismiss, 3.   Aston also notes that the summons was

improperly addressed to IAC Kaanapali Shores.   Leialoha opposes

that motion and asks that the summons and service stand.   To the

extent Aston moves to dismiss the Complaint for lack of timely

service, the court denies the motion.   Although tardy, the

service was not so deficient that dismissal would be a

proportional sanction.   Leialoha must properly serve the summons

and his amended Complaint on Aston by October 26, 2009.

Rule 4(m) of the Federal Rules of Civil Procedure

governs the issue of timely service, providing in relevant part:

> If a defendant is not served within 120 days
> after the complaint is filed, the court--on
> motion or on its own after notice to the
> plaintiff--must dismiss the action without
> prejudice against that defendant or order
> that service be made within a specified time.
> But if the plaintiff shows good cause for the
> failure, the court must extend the time for
> service for an appropriate period.

Rule 4(m) contains mandatory and discretionary

components.   Rule 4(m) requires a district court to grant an

extension of time when the plaintiff shows good cause for the

delay.   Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007).

The rule does not, however, make a showing of good cause a

condition of an order requiring service to be made within a

specified time or extending the time for service.   See United

States v. 2,164 Watches, More or Less Bearing a Registered

Trademark of Guess? Inc., 366 F.3d 767, 772 (9th Cir. 2004) (noting that, "even without a showing of good cause, a district court may utilize its 'broad' discretion to extend the time for service"); In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (noting that even if there is no showing of good cause, the court has "the discretion to dismiss without prejudice or to extend the time period").  The rule thus permits this court to grant Leialoha an extension even if he makes no showing of good cause. District courts have broad discretion to extend the time for service under this rule.  Williams, 473 F.3d at 1040.  In making extension decisions under Rule 4(m), a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." Williams, 473 F.3d at 1041 (quoting Troxell v. Fedders of N. Am, Inc., 160 F.3d 381, 383 (7th Cir. 1998)).

Leialoha does not allege good cause, or any cause at all, for his delay in effecting service of process.  However, as the court, in its discretion, may extend the time for service, the court, finding no prejudice to Aston and noting Aston's actual notice of this lawsuit, extends the time for Leialoha to serve process on Aston.  See Williams, 473 F.3d at 1041.

First, Aston does not allege that it was prejudiced by the delay of service.  Leialoha served Aston only seven days after the court-imposed deadline to effect service had passed.

This delay is unlike the delay in Efaw v. Williams, which involved service more than seven years after the plaintiff had filed the amended complaint.  Williams, 473 F.3d at 1040.  That delay in service prejudiced the defendant, as the memories of witnesses had faded, and as at least one witness was unavailable for trial.  Id.  Here, there is no evidence that the difference of seven days unduly prejudiced Aston.

Second, Aston does not allege that it was unaware of this lawsuit.  Instead, Aston claims that "plaintiff served Aston with a Summons addressed to IAC-Kaanapali Shores."  Aston seems to be more concerned with Leialoha's failure to prosecute and move forward with the case, rather than with lack of notice that there was a case to begin with.

Aston also notes a technical defect in the summons, as it was incorrectly addressed.  However, "[t]echnical defects in a summons do not justify dismissal unless a party is able to demonstrate actual prejudice."  Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994) (citing FDIC v. Swager, 773 F. Supp. 1244, 1249 (D. Minn. 1991)).

Although the court denies the motion to dismiss to the extent it is based on untimely service, the court emphasizes that compliance with deadlines and timeliness is of utmost importance. In the future, Leialoha should be diligent in complying with

court deadlines.   And there may be other types of deadlines that the court will strictly enforce.

IV.   CONCLUSION.

Aston's motion to dismiss is denied.   Leialoha's motion to amend his Complaint is granted.   Leialoha must file his amended Complaint by October 5, 2009.   Leialoha must properly serve the summons and his amended Complaint on Aston by October 26, 2009.   If he fails to meet these deadlines, this case will be automatically dismissed.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 21, 2009.



/s/ Susan Oki Mollway

Susan Oki Mollway

Chief United States District Judge

Leialoha v. IAC Kaanapali Shores, Civil No. 08-518 SOM/LEK; ORDER
DENYING MOTION TO DISMISS ON BEHALF OF PARTY MAKING A SPECIAL
APPEARANCE; ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT.